## DRAKE BAKERIES INCORPORATED

### v.

## LOCAL 50, AMERICAN BAKERY & CONFECTIONERY WORKERS INTERNATIONAL, AFL-CIO, and Louis Genuth, Secy. Treas. etc.

United States District Court
S. D. New York.
May 4, 1960.

Weil, Gotshal & Manges, New York City, for plaintiff (Robert Abelow, New York City, of counsel).

O'Dwyer & Bernstien, New York City, for defendant (Howard N. Meyer, New York City, of counsel).

RYAN, Chief Judge.

On January 4, 1960, the plaintiff Drake Bakeries, Incorporated, instituted this suit to recover damages for an alleged breach of the "no-strike provision" of a collective bargaining agreement, pursuant to Section 301(a) of the Labor-Management Relations Act, 29 U.S.C.A. § 185.

Prior to interposing an answer to the complaint, defendant moves this Court, under Section 3 of the United States Arbitration Act, 9 U.S.C.A. § 3, for a stay of trial pending an arbitration proceeding in accordance with the terms of the collective bargaining agreement. That the Court has jurisdiction and power to enforce the arbitration clause of this contract is established now by Textile Workers v. Lincoln Mills of Alabama, 1957, 353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed.2d 972.

The basic grounds upon which plaintiff opposes this application may briefly be summarized as follows: (1) The arbitration provision of the agreement is at best permissive and not mandatory; (2)

The action of the union in striking in the face of the no-strike clause (Art. VII of the agreement) acted as a waiver of its rights under the grievance and arbitration provisions; (3) By failure to proceed to arbitration the defendants expressly waived their arbitration rights.

We find no merit in these contentions.

■ 1. A reading of the provisions governing arbitration (Articles 5 and 6) shows that *all* complaints, disputes or grievances *shall* be submitted to arbitration. We find nothing permissive there and hold that this dispute is to be arbitrated.

■ 2. Plaintiff next contends that, even if arbitration be mandatory, by violating one clause of the agreement defendants waived their rights under another clause (arbitration). We can find no logical basis for this argument, since if this premise were sustained, every violation of a collective bargaining agreement would act as a waiver of the violating party's right to arbitration, and this would destroy all arbitration agreements which are looked upon with great favor. Markel Electric Products, Inc., v. United Electrical, Radio & Machine Workers et al., 2 Cir., 202 F.2d 435. Aside from the purely logical objection to plaintiff's contention, it appears that the better reasoned decisions allow arbitration after a violation of a no-strike provision. Signal-Stat Corp. v. Local 475, etc., 235 F.2d 298, certiorari denied 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d 1428; Lewittes & Sons v. United Furniture Workers, 95 F.Supp. 851.

3. We come then to plaintiff's final contention that the union's failure to proceed to arbitration constitutes a default on the union's part and thus the union has waived its right under the arbitration provision. Since plaintiff was and is the aggrieved party and since there is no evidence before the Court that plaintiff ever attempted to proceed to arbitration by a written demand as required by Article V, Section 6 of the agreement, defendants' failure to initiate arbitration does not amount to a waiver under the circumstances.

We conclude that the arbitration agreement must be enforced and direct that an order be settled staying further proceedings in this suit.